IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON THOMAS SANDERS,

        Petitioner,

v.

MARION FEATHER,

        Respondent.

Case No. 3:14-cv-00223-JE

FINDINGS AND RECOMMENDATION

Thomas J. Hester, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

S. Amanda Marshall
United States Attorney
Ronald K. Silver, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") determination that he is ineligible for the early release benefit associated with the Residential Drug Abuse Treatment Program ("RDAP"). For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be denied.

## BACKGROUND

Petitioner is currently serving a 181-month sentence for conspiracy to distribute more than 50 grams of a mixture containing methamphetamine, and possessing a firearm in relation to that crime. At the time petitioner was sentenced in the Western District of Iowa, the District Court recommended that petitioner participate in RDAP.

In order to successfully complete RDAP, inmates must complete three separate phases of that program: a minimum of 500 hours of a unit-based component, follow-up services, and a community transitional drug abuse treatment component. 28 C.F.R. § 550.53; Program Statement 5330.11. As an incentive to prisoners to enroll in the program, Congress provided that inmates who successfully complete RDAP are entitled to an early release benefit of not more than one year, assuming they are otherwise eligible for early release. 18 U.S.C. § 3621(e)(2)(B).

2 - FINDINGS AND RECOMMENDATION

In this case, petitioner went through a clinical interview on July 17, 2012 to determine his eligibility for participation in RDAP. Declaration of Tiffany Philips, p. 5. The BOP found him eligible to participate in RDAP and notified him that an eligibility determination pertaining to the early release benefit would be forthcoming.

On August 2, 2012, the BOP determined that petitioner did not qualify for the early release benefit of RDAP because: (1) his criminal conduct involved the carrying, possession, or use of a firearm; and (2) the nature of his crimes presented a serious potential risk of physical force against the person or property of another. *Id*; *see also* 28 C.F.R. § 550.55(b)(5)(ii) & (iii); Program Statement 5162.05, Section 3.a. Petitioner challenged this determination through the administrative appeal process, but was unsuccessful. Petition Attachments F-K.

Petitioner filed this habeas corpus action on February 11, 2014. He asserts: (1) the BOP rules that deem all offenses under 18 U.S.C. § 922(g) to be crimes of violence are in conflict with Circuit precedent; (2) the BOP rules categorizing all offenses under 18 U.S.C. § 924(c) as disqualifying are procedurally invalid under the Administrative Procedures Act; and (3) he expressed interest in RDAP in 2003, prior to the effective date of the current regulations precluding his early release, therefore he

3 - FINDINGS AND RECOMMENDATION

should be permitted the early release benefit contemplated by § 3621(e).

Respondent asks the court to deny relief on the Petition because: (1) agency determinations under 18 U.S.C. § 3621 are not subject to APA review, and the BOP's individualized RDAP determinations are not reviewable by the courts; (2) petitioner has not established a violation of a statutory or constitutional right as required for habeas relief; (3) petitioner's challenges to the promulgation of 28 C.F.R. § 550.55 and the BOP Program Statement 5162.05 have already been considered, and rejected, by the Ninth Circuit; and (4) petitioner had no settled expectation of early release eligibility.

**DISCUSSION**

Petitioner first alleges, without argument, that the BOP's categorization of certain firearms offenses as crimes of violence is inconsistent with Circuit precedent. The Ninth Circuit has already established that these regulations are valid. *Peck v. Thomas*, 697 F.3d 767, 772-73 (9th Cir. 2012).

Petitioner also seeks to challenge the BOP rules categorizing all offenses under 18 U.S.C. § 924(c) as crimes of violence and, thus, disqualifying offenses for purposes of the early release benefit of §3621(e). Petitioner claims that the BOP failed to articulate sufficient rationale and further failed to provide any empirical data for adopting a rule that significantly diminishes

prisoners' opportunities for the one year sentence reduction. Moreover, he asserts that the BOP relied on a mistake of law--that § 924(c) offenses are crimes of violence--in declaring all such offenses as disqualifying for purposes of the one-year sentence reduction. The Ninth Circuit's decision in *Peck* forecloses these arguments as well. 697 F.3d at 775.

Petitioner's primary contention, and the only one he argues in his briefing, is that he expressed interest in participating in RDAP well before the BOP promulgated the regulations it is currently using to exclude him from the § 3621(e) early release benefit. He believes that his expression of interest, which began when he asked his sentencing judge to recommend that he participate in RDAP, was sufficient to give him a settled expectation in early release eligibility.

In *Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2010), the Ninth Circuit determined that 18 U.S.C. § 3625 precludes judicial review of discretionary, individualized RDAP determinations pertaining to the early release benefit of 18 U.S.C. § 3621:

> To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court.

*Id* at 1227.

5 - FINDINGS AND RECOMMENDATION

Where petitioner asks the court to make a determination as to when he applied for RDAP so as to establish whether he had a settled expectation in early release, he asks the court to make the kind of individualized determination precluded by § 1825. But even if petitioner's claim were subject to judicial review, the critical date for establishing a settled expectation with respect to early release was the date of his clinical interview and determination of eligibility for RDAP: July 17, 2012. Philips Affidavit, Att. B at 3; see also *Furguiel v. Benov*, 155 F.3d 1046, 1049 (9th Cir. 1998) ("a prisoner's expectation of early release may only arise when the BOP makes a *lawful* determination of the prisoner's eligibility and *then* informs the prisoner of such eligibility.") (italics in original). This places petitioner firmly under the regulations currently being applied to exclude him from the early release benefit associated with RDAP.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be DENIED and a judgment should be entered dismissing this case with prejudice.

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

6 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this 11th day of July, 2014.

_____
John Jelderks
United States Magistrate Judge